PROVO STY, J.
The defendant was secretary-treasurer of the board of health. As such he received a check of $482.02 in payment of a debt due the board. The check was as good as cash. Section 1, No. 23, p. 25, Acts 1907 Ex. Sess., provides that “all funds of all public boards shall be deposited daily in the fiscal agency.” Instead of depositing the check, defendant negotiated it. This he did on the same day on which it came into his hands. In exchange for it the person to whom he assigned it executed in his favor four checks postdated several days. These four checks the defendant used in paying debts due' by himself, receiving in each ease in cash the difference between the amount of the debt paid and the check.
Upon the foregoing facts, the defendant was charged with having embezzled the sum $482.02 “in lawful currency of the United States.” On the trial he objected to the admission in evidence of the check of $482.02 as being irrelevant, for the reason that the only purpose it could serve, if admitted, would be to go to show that he had embezzled a check, whereas the charge against him was not of having embezzled a check, but money.
The check was admitted, and defendant was found guilty as charged. He moved for a new trial, on the ground that the court had erred in admitting the check. This motion was overruled, and he has appealed.
The learned counsel for the defense argues that, upon the foregoing facts, the thing which was embezzled was not money, or the amount received by defendant in payment of the check, but was the check itself.
In that contention counsel may be entirely correct. And, if so, the defendant should have been acquitted on the facts. And possibly the court should have instructed the jury that, if they found the facts to be as stated above, the defendant could not be found guilty, as he had not as a matter of fact embezzled currency, which was the only charge made against him in the indictment. But the question before the court is not as to' whether what defendant embezzled was the- check or the money. It is whether, on a charge — rightly or wrongly made — of having embezzled a certain sum of money, which had come into his hands by the collection of a certain check belonging to his principal, the check in question was admissible in evidence. We think it clearly was. It was an essential link in the chain of evidence for showing defendant’s possession of the money charged to have been embezzled — a fact necessary to be proved.
Of the question of guilt or innocence on the facts this court has no jurisdiction.
Judgment affirmed.